WILLIAM T. SHELTON v. THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

1. A railway company has the right to require passengers to pay fare, and a rule directing its conductors to remove from the cars those who refuse to comply with the requirement is reasonable.

2. The fact that a ticket has been purchased by a passenger, which was afterward wrongfully taken up by a conductor of one of the defendant's trains, will not relieve the passenger from the duty of providing himself with a ticket, or paying fare on another train of the defendant in which he may be a passenger.

3. In such case, the right of action of the passenger would be for the wrongful taking up of the ticket, and not for having been removed from a train by another conductor for refusing to pay fare.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Lorain county.

On the 16th day of July, 1873, the plaintiff and his son, Simeon T. Shelton, bought of the defendant a commutation ticket, of which the following is a copy:

"LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY.

COMMUTATION TICKET.

Good for twenty rides between Vermilion and Cleveland, for Wm. T. Shelton or Simeon T. Shelton, as per conditions on the back.

J. W. CARY,

197      *General Ticket Agent.*

N. B.—Conductors will punch for each trip, and take up ticket when used up or expired."

*Not transferable.*

The ticket was indorsed as follows:

"Issued July 16, 1873. Expires January 16, 1874. Limited to six months; good only for the person named on the face; not redeemable; loss of the ticket, or any portion of it, entirely at risk of owner; good only on trains that stop regularly at the stations named; void, unless properly signed below—and is accepted with these conditions.  ———."

Before the 27th of August, 1873, five of the rides provided for by the ticket had been used by the plaintiff or his son, and the ticket canceled to that extent by the conductors of the defendant, although the conditions indorsed had not been signed by the plaintiff and his son.

On the morning of the last-named day, the plaintiff, be-

ing a passenger in the cars of the defendant from Vermilion to Cleveland, in payment of his fare for the trip, presented the commutation ticket to the conductor of that train, who canceled the ride and refused to return the ticket to the plaintiff, but returned it to the general ticket agent of the defendant, of which he notified the plaintiff.

In the afternoon of the same day, the plaintiff, not having recovered the commutation ticket, nor provided himself with a ticket, entered the defendant's cars at Cleveland, which were then in charge of another conductor, to return to Vermilion, and was put off the cars at Berea, a regular station on the line of the defendant's railway, by the conductor then in charge of the train, for refusing to pay the fare prescribed by the defendant for a passage from Cleveland to Vermilion, for which last-mentioned injury this action was brought.

After the evidence was concluded, the court, at the request of the plaintiff, instructed the jury as follows :

" It being agreed that the defendant sold and delivered the commutation ticket to the plaintiff, and permitted the plaintiff and son to ride upon it five times, over the route from Vermilion to Cleveland, without requiring or requesting the plaintiff to sign the conditions upon its back, the taking it up and the refusal to carry him upon it, by the conductor of the morning train, were a breach of the contract to carry upon the part of the company ; but the plaintiff disclaiming the right to recover for such breach of said agreement in this action, our inquiries must be confined to the right of the plaintiff to recover for the alleged wrongful eviction from the train or car on the afternoon of that day.

" The defendant had the right to make reasonable rules and regulations to govern the action of the conductors of its trains, to prescribe their duties, and for the carrying of passengers upon its trains over its road ; and while, in some cases, it is a question of fact whether a regulation is reasonable or not, it is so obviously reasonable to require a passenger either to pay his fare to the conductor or produce

a ticket as evidence of his right to be carried by the company, that it will be declared reasonable as a matter of law. The existence of this regulation, at the time of the expulsion of the plaintiff from the train of the defendant, is claimed to be established, and if you find its existence, I am of the opinion that the wrongful act of the company, or its conductor upon the morning train, in taking up said commutation ticket, and in refusing to carry the plaintiff on it, did not relieve the plaintiff from the duty of complying with the regulations of the company, requiring him to produce a ticket or pay his fare on the return train, from which, for want of a ticket or payment of his fare, he was expelled."

To which proposition the plaintiff excepted.

".Therefore, if you find such regulation to have existed, and that the defendant wrongfully took from the plaintiff his ticket, which evidenced his right to ride from Vermilion to Cleveland, or Cleveland to Vermilion, for fourteen times more, and refused to carry him on said ticket on the morning or down train on the day alleged, and he boarded the return train, and refused to pay his fare and to produce a ticket, the defendant had the right to cause him to be removed from said train."

To which proposition the plaintiff excepted.

The court also instructed the jury that " the written and printed terms on the face and back of said ticket must be taken as constituting the contract between the company and the holder of the ticket."

To which instruction the plaintiff excepted.

The jury returned a verdict for the defendant, whereupon the plaintiff filed a motion for a new trial, which was overruled by the court.

This ruling was excepted to by the plaintiff, and judgment was entered on the verdict.

The district court, on the petition in error of the plaintiff, affirmed the judgment of the court of common pleas, and he now asks leave to file a petition in error to reverse the judgment of affirmance.

*C. W. Johnson*, for the motion, claimed that the contract of the plaintiff, by which he was entitled to ride over the line of the road, and for which he had paid, was with the defendant, and not with the several conductors who run the trains of the defendant. If the defendant, in making rules and regulations for the conduct of its servants, made one by which the rights of the plaintiff were violated, the plaintiff is not responsible therefor, and the loss, if any, should fall on the defendant. *Hamilton* v. *Third Avenue Railroad Co.*, 53 N. Y. 25.

*J. C. Hale*, contra, argued that the rule of the defendant requiring each passenger to pay his fare or produce a ticket on proper demand was a reasonable rule. *Crawford* v. *C. H. & D. R. R. Co.*, 26 Ohio St. 580 ; *Townshend* v. *N. Y. C. & H. R. R.*, 56 N. Y. 295 ; *C. C. & C. R. R. Co.* v. *Bartram*, 11 Ohio St. 45 ; *Hubbard* v. *N. Y. & Erie R. R.*, 15 N. Y. 455 ; *Johnson* v. *Concord R. R. Co.*, 46 Ib. 213 ; 7 Met. 596 ; 36 Conn. 287 ; 71 Penn. St. 432.

REX, J. It is assigned as the principal ground for the reversal of the judgment of affirmance of the district court that the court of common pleas erred in its instructions to the jury.

We do not think so.

The removal of the plaintiff from the cars by the conductor of the afternoon train for refusing on demand to produce a ticket or pay fare for his passage from Cleveland to Vermilion was, under the rules of the defendant, a proper exercise by the conductor of the rights of the defendant, and for which, when exercised in such manner as to do no unnecessary injury to the person removed, the defendant is not liable in damages.

The fact that the plaintiff, in the forenoon of that day, had been in possession, by purchase of the defendant, of an unused and unexpired commutation ticket, which had been taken up by the conductor of another of the defendant's trains, did not, even if the commutation ticket was

wrongfully taken from him, relieve the plaintiff of the duty of producing a ticket or paying fare for the trip to the conductor of the afternoon train, nor the conductor of the duty of removing him from the train if on demand he refused so to do.

The questions whether the commutation ticket was rightfully or wrongfully taken from the plaintiff by the conductor of the morning train, and whether the taking up of the ticket under the circumstances stated, was a breach of the contract to carry the plaintiff on the part of the defendant, and the damages, if any, for such breach, were withdrawn by the parties from the consideration of the jury, and are, therefore, not now before us; but, if they were, the decision of them could have no effect in determining the question made by the assignment of error in this case.

The question here is as to the reasonableness of the rule under which the conductor acted in removing the plaintiff from the train for refusing to pay the fare specified by the defendant between the points named.

The right of a railroad company to require of a passenger the payment of fare to his destination is unquestioned, and a rule requiring its conductors of trains to eject therefrom all passengers who refuse upon demand to produce a ticket for the passage or pay the fare therefor is reasonable. See *Crawford* v. *The C. H. & D. R. R. Co.*, 26 Ohio St. 580; *Townshend* v. *The N. Y. C. & H. R. R. Co.*, 56 N. Y. 296, and the numerous authorities cited by counsel in the argument in this case.

We are, therefore, of opinion that the district court did not err in affirming the judgment of the court of common pleas.

*Leave refused.*