By the Court.
H. at Toledo bought of defendant (acting for itself and other companies) a ticket good for a passage to Washington, D. C. and return; but so limited as to expire with the 10th day of March, 1881. He left Washington in time to arrive in Toledo before midnight of said day, but, without his fault, his train did not arrive in Pittsburg until after defendant’s train had started for Toledo. Defendant’s road extended from Pittsburg westward. Without applying at the railway office in Pittsburg for permission to use his ticket on a later train, he entered *277 that train early on the morning of March 11, tendered, to its conductor the last coupon of the ticket, and told him of the delay and its cause. Under the rules of the company it was the duty of the conductor to remove a passenger from the train who neither presented a ticket that by its terms gave a right to ride on that train, nor tendered the proper fare in money. Having so notified H., and demanded the proper fare in money, which H. refused to pay, the conductor, without unnecessary injury, removed him from the train. H. expended about six dollars in getting to Toledo, and arrived there about twelve hours after the train from which he had been so removed. He had, however, increased the delay by stopping in Cleveland for several hours on other business of his own. He sued the Pennsylvania Company for breach of contract and wrongful removal from the train. In the charge the court said to the jurjr that in case of a finding for the plaintiff “ it will be your duty to return what we will say are compensatory damages; take into account loss of time caused by the delay in proceeding to Toledo, and also under that rule the mortification to the feelings of the plaintiff. He is entitled to compensation for that — the inconvenience, annoyance and mortification to his feelings in being ejected from the car. It is for you to say what those damages shall be for that. You are to fix the amount. You are not to fix damages in the spirit of punishment; but to cover whatever damages the plaintiff has sustained in connection with-the loss of time in proceeding upon his journey, and such as relate to his feelings, annoyance, mental suffering, mortification for being ejected from the car.”
This was duly excepted to. A verdict for the plaintiff for $500 was rendered, A motion for a new trial was overruled and judgment entered on the verdict.
Held: The removal of H. from the train was a proper exercise by the conductor, of the right of defendant, and for that removal it was not liable in damages. If the defendant was liable for breach of contract, because the train east of Pittsburg was so delayed that H. could not *278 enter the train upon which his'ticket gave him a right to ride, that liability did not confer upon H. a right to ride upon the train from which he was removed. Shelton v. R. R. Co., 29 Ohio St., 214; Townsend v. R. R. Co., 56 N. Y., 295; Frederick v. R. R. Co., 37 Mich., 342; R. R. Co. v. Pierce, 47 Mich., 277.

Judgments below reversed and cause remanded.