Hull, J.
This action is brought by the plaintiff, John Wilt, to reverse the judgment of the court of common pleas. Wilt recovered a verdict for $22.48 against the defendant, on which judgment was rendered, he having brought suit for $10,000 against the railroad company. The action below was based upon failure of the railroad company to provide-plaintiff with a return ticket, and upon the action of its-conductor in putting him off a train. The plaintiff,in May, 1899, bought a ticket at North Baltimore, Ohio, for Joplin, Missouri, paying therefor the sum of $22.35. This ticket and contraoc entitled him, at Chicago, III., to an exchange of tickets for Kansas City, by way of the Wabash railroad and over a connecting line from Kansas City to Joplin, said connecting line being the Kansas City, Pitts-burg & Gulf Railroad, and further entitled him to a return ticket to Chicago and North Baltimore, Ohio, the contract - requiring him to demand his return ticket at Joplin, Missouri, not less than three days nor more than twenty-one days from tbe date of purchase, He arrived at Chicago on-May 17, and was given his transportation for the “going: portion” of his ticket as it was called, to Joplin, Missouri, the undertanding being that his return portion would be-forwarded to the agent at Joplin, Mu., and furnished him-there upon his presenting the “exchange coupon.” After-spending a few days at Joplin, more than three days having-elapsed, as the contract required, and not more than twenty-one days, he presented himself to the company’s agent at that point and asked for his return ticket, and he was-told then that the tickets had not come, or, at least, they were not given to him. ' He waited a couple of days and-then presented himself again and demanded his tickets, and was told again, that the tickets had not come. He then demanded a return ticket, which was not furnished to him, and thereupon, with nothing but the portion of the ticket which he had left, the “going” portion, and with the ex *581 change coupon, he boarded a regular passenger train, at Joplin, Mo., and started for home. The conductor of the train asked him for his ticket, and he explained the state of affairs to him, and the conductor demanded that he pay his-fare from Joplin to Kansas City. Wilt thereupon refused to pay and was put off the train, no more force being used, as it appears, than was necessary to effect this. This incident occurred at Gulfton, and there being no telegraph office there, he went to a station called Carl Junction, and there telegraphed for funds and purchased a ticket for Kansas City, paying therefor $3.90. At Kansas City he bought a ticket for home, for which he gave $12,50, and in addition to that he incurred expenses on account of this delay amounting to $5.00, making in all $21.40, expended, Defendant offered to confess judgment for $50.00 and costs, before trial, and this was refused.
The case came on for trial before a court and jury' in the common pleas, and the judge of that court held that the plaintiff’s cause of action was for breach of contract, and that the measure of damages was the amount of money that he had actually lost and been compelled to expend on account of the failure of the railroad company to furnish him this return transportation upon his ticket, as it had agreed to do, and that he could not recover any damages for being put off the train; and holding further that he could not recover for any loss of time — 'plaintiff having claimed that he was detained three days — lor the reason that that had not been properly pleaded in the petition, there being no allegation of special damages on account of his delay in Missouri; his time being still his own whether in Missouri or elsewhere, the court held that he was not entitled to recover any thing on that account. The only testimony upon that point was Wilt’s own testimony, in which he stated that the three days were worth $100 to him; but there was no statement of any damage to his business and no statement as to what the real value of his time was. That testimony was finally ruled out, and the court instructed the jury that his damages would be confined to the sums mentioned, which amounted to $21,40, and that the jury could not go beyond that, and a verdict was returned for that amount, with interest, making $22.48.
*582 The real question in the case, and practically the only ■question, is as to the measure of damages. In our judgment, the ruling of the court of common pleas was correct. When the railroad company failed to deliver to Wilt his ticket, as they had agreed to do at Joplin, Mo., for his return passage, his cause of action arose, whatever the reason for such failure was, and it was a breach of the contract. The reason assigned by the railroad company for failure to ■deliver the ticket is, that the tickets had been stolen or lost in the mail on their way to Joplin. The contract having been broken, one of the natural and necessary results was that he was required and compelled to purchase a ticket for his return, and, if he had had the money in his pocket, he ■could have at once purchased another ticket and returned thereon. He was allowed, besides the value of the ticket, additional expense which he incurred, Having no ticket, he had no right to get onto a regular passenger train or any train of the railroad company and demand passage. The conductor could not settle this dispute between him and the railroad company, or pass upon this question of breach •of contract. According to the rules of the railroad company, a man who rode upon its trains either had to have a ticket or pay cash fare, and in default of either, get off, and that has been held by the supreme court of this state to be •a reasonable rule. He could not, by getting on one train after another and being put off, thus create causes of action ■against the railroad company, The railroad company had broken its contract with him in failing to provide him with his return ticket, as they had agreed, and whatever loss ensued, on account of that breach of contract, he was entitled io recover, but he could not ride without a ticket or paying his fare. This position is fully sustained by the authorities in our own state,and the law seems to be thoroughly established. We will refer to two or three cases that have been cited by counsel for defendant in error in their brief: In Crawford v. Railroad Co, 26 Ohio St, 580, it was held in ■the syllabus:
“A railroad company has a right to prescribe reasonable rules for the government of its employes in the conduct of its business upon its trains, and passengers should conform to such rules.
*583 ‘‘A rule requiring a conductor to eject from the train a passenger who refuses to produce a ticket or pay bis fare on demand, is a reasonable one, and the purchaser of a nontransferable commutation ticket, who has lost it, and refuses, on account of such loss, tó' pay his fare upon a train, falls within the rule, and cannot maintain an action of tort against the company to recover damages for being ejected' by the conductor for a non-compliance with it.”
In another case, Shelton v. Railway Co., 29 Ohio St., 214, it was held, in the syllabus, as follows:
‘‘A railway company has the right to require passengers-to pay fare, and a rule directing its conductors to remove from the cars those who refuse to comply with this requirement is reasonable.
‘‘The fact that a ticket has been purchased by a passenger, which was afterward wrongfully taken up by the conductor of one of the defendant’s trains, will not relieve the passenger from the duty of providing himself with a ticket, or paying fare on another train of the defendant on which he may be a passenger.
“In such case, the right of action of the passenger would be for the wrongful taking up of the ticket, and not for having been removed from a train by another conductor for refusing to pay fare,”
And in the case of Pennsylvania Company v. Hine, 41 Ohio St., 276, a similar question was passed upon. The-case went to the supreme court from this county. The-plaintiff in that case bought a ticket from Washington to Toledo, which entitled him to transportation at any time up-to midnight of March 10, 1881, He got on the train in Washington in time to have arrived in Toledo before his-ticket expired; but the train upon which he rode from Washington to Pittsburg was late, through no fault of his, and reached Pittsburg too late for him to take the train' which he should have taken out of Pittsburg. He got on another train for Toledo without a proper ticket, and was-put off. The supreme court held:
‘‘The removal of H. from the train was a proper exercise by the conductor of the right of defendant, and for that removal it was not liable in damages. If the defendant was liable for breach of contract, because the train east of Pitts- *584 'burg was so delayed that H, could not enter the train upon -which his ticket gave him a right to ride, that liability did ■not confer upon H. a right to ride upon the train from -which he was removed.”
James & Beverstock, for Plaintiff in Error.
Smith & Beckwith, for Defendant in Error.
It is clear that the plaintiff, Wilt, had no cause of action against the railroad company except for breach of contract, and was only entitled to recover the actual expense that he •incurred on account of his ticket not being furnished to him; and was not entitled to any damages for being removed from the train; therefore the judgment of the court of ■common pleas will be affirmed.