ANNIE E. KILEY

*v.*

THE CHICAGO·CITY RAILWAY COMPANY.

*Opinion filed February 20, 1901.*

STREET RAILWAYS—*rights of passenger to whom wrong transfer has been given.* It is the duty of a .passenger on a street car, when the transfer tendered by him is refused, to either pay his fare or leave the car at the request of the conductor, and if he refuses and sustains an injury while resisting ejection he cannot recover therefor, unless he can show that the conductor used more force than was necessary.

*Kiley* v. *Chicago City Railway Co.* 90 Ill. App. 275, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

ASA Q. REYNOLDS, (SHOPE, MATHIS & BARRETT, of counsel,) for appellant:

Where the entire price of carriage is paid and received by a conductor of one line and the passenger asks for a correct transfer ticket, he has a right to rely upon receiving the correct transfer. The trip having been lawfully entered upon, it cannot be rendered unlawful by the omission or commission of the agents and employees of the company. The contract is for continuous passage from initial point to destination, and if notice is given of the destination at the time of the payment of the fare

the passenger has a right to be carried, and cannot be defeated of such right by any act, omission or negligence of the carrier. *Railroad Co.* v. *Winters*, 143 U. S. 60.

It is the duty of a common carrier of passengers to exercise due care in the selection of its servants, and it will be held liable for their acts of misfeasance and non-feasance amounting to negligence or willful misconduct, when such acts are within the general scope of their employment and authority. *Railroad Co.* v. *Flexman*, 103 Ill. 546; *Railroad Co.* v. *Gastka*, 128 id. 613; *Railway Co.* v. *West*, 125 id. 321.

Appellant had paid her money to the authorized agent of appellee for a continuous trip, a part of which was over the Wentworth avenue line, and had given notice to the company of that fact by her application for the transfer ticket. If by mistake the conductor who received her fare issued to her a check, ticket or slip which was not in accordance with the rules of the company, or which would not, by the rules of the company, authorize appellant to ride upon the Wentworth avenue cars, it was the fault of the railway company, and she would be rightfully upon the cars of the Wentworth avenue line. *Percy* v. *Railway Co.* 58 Mo. App. 75; *Consolidated Traction Co.* v. *Tabern*, 58 N. J. L. 1; *Appleby* v. *Railway Co.* 54 Minn. 169; *Muckle* v. *Railway Co.* 79 Hun, 32; *Laird* v *Traction Co.* 166 Pa. St. 4; Hutchinson on Carriers, sec. 580*j*; *Railway Co.* v. *Arthur*, 3 Tex. App. 72; *Hufford* v. *Railroad Co.* 64 Mich. 631; *Pennsylvania Co.* v. *Bray*, 125 Ind. 232; *Head* v. *Railroad Co.* 79 Ga. 358.

If a passenger is rightfully upon the train or car he has a right to protect himself against an attempt to remove him. *English* v. *Delaware C. Co.* 66 N. Y. 554; *Sanford* v. *Railroad Co.* 80 Am. Dec. 286.

Where a passenger is rightfully upon a train or car he has a right to remain there until forcibly ejected, and may rightfully resist an attempt to remove him. *English* v. *Delaware C. Co.* 66 N. Y. 554.

189—25

WILLIAM J. HYNES, and W. J. FERRY, (M. B. STAR-RING, of counsel,) for appellee:

It was the duty of appellant to have paid her fare to the conductor of the Wentworth avenue car upon his request even if she had paid to the Thirty-first street conductor, or else to have left the car upon his request and have sued for damages had she chosen to do so, and the instructions in that behalf complained of by appellant were not erroneous. As between the conductor of the Wentworth avenue car and appellant the transfer check produced by her was conclusive evidence of her rights. *Railroad Co.* v. *Connell,* 112 Ill. 295; Hutchinson on Carriers, sec. 580*j*; *Pouilin* v. *Railway Co.* 52 Fed. Rep. 197; *Railway Co.* v. *Bennett,* 50 id. 496; *Yorton* v. *Railway Co.* 54 Wis. 234; *Railroad Co.* v. *Stockdale,* 34 Atl. Rep. 880; *Hufford* v. *Railway Co.* 53 Mich. 118; *Shelton* v. *Railroad Co.* 29 Ohio St. 214; *Railroad Co.* v. *Griffin,* 68 Ill. 499; *Frederick* v. *Railroad Co.* 37 Mich. 342; *McClure* v. *Railroad Co.* 34 Md. 532; *Townsend* v. *Railroad Co.* 56 N. Y. 295; *Downs* v. *Railroad Co.* 36 Conn. 287; *McKay* v. *Railroad Co.* 34 W. Va. 65; *Woods* v. *Railway Co.* 48 Mo. App. 125; *VanDusen* v. *Railway Co.* 97 Mich. 439; *Percy* v. *Railway Co.* 58 Mo. App. 75.

The right of the appellant to transportation was no greater than the right and duty of the conductor of the Wentworth avenue car to enforce the reasonable rule of the appellee with reference to her transportation and the proper evidence of her right thereto. Booth on Street Railways, sec. 237; *Bradshaw* v. *Railroad Co.* 135 Mass. 407; *Mahoney* v. *Railway Co.* 93 Mich. 612; *VanDusen* v. *Railway Co.* 97 id. 848.

The transfer ticket which appellant presented to the Wentworth avenue car conductor bore upon its face, in plain and unmistakable terms, a notice that it was not evidence of a right to transportation over the Wentworth avenue line, and it was as clearly the duty of appellant to see that she received the transfer check she asked for as it was the duty of the Thirty-first street car conductor

to give her what she demanded. *Percy* v. *Railway Co.* 58 Mo. App. 75; *Wiggins* v. *King*, 91 Hun, 340; *Baggot* v. *Railroad Co.* 3 App. D. C. 522.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action by appellant, in the superior court of Cook county, against appellee, to recover damages for a forcible expulsion of appellant from a street car in the city of Chicago. The declaration consists of three counts, charging, in various forms, that while the plaintiff was lawfully upon the car of the defendant she was forcibly ejected and expelled therefrom by the conductor of the defendant in charge of said car, and thereby greatly injured. The defendant pleaded the general issue, also a special plea, in which it was alleged the plaintiff took passage on said car; that she refused to pay her fare or leave the car upon request; that she resisted the conductor's efforts to remove her, whereby the injury to her occurred, and that no more force was used in her removal than was necessary. To the special plea plaintiff replied generally, that the defendant committed the said several trespasses of its own wrong. The trial resulted in a verdict in favor of plaintiff for one dollar, upon which the court rendered judgment, which judgment has been affirmed by the Branch Appellate Court for the First District, and this appeal has been prosecuted to reverse such judgment of affirmance.

The evidence tends to establish that plaintiff boarded the Thirty-first street car of the defendant on the morning of the 27th of June, 1896, at Michigan avenue, for the purpose of going from her home to the Stock Exchange building, located near the center of the business part of the city. She paid the conductor her fare and requested of him a transfer over appellee's Wentworth avenue line. She received from him a transfer slip or ticket. At Wentworth avenue she left the Thirty-first street car and boarded a Wentworth avenue car going north. To the

conductor upon said car she tendered the transfer, but he refused to accept it on the ground that it did not entitle plaintiff to ride upon said line, the conductor upon the Thirty-first street line having by mistake given the plaintiff, a wrong transfer slip. The plaintiff insisted the conductor must accept the transfer she offered, refused to pay her fare and declared she would ride upon that transfer. The conductor insisted she pay her fare or get off. Upon her declining to do so he stopped the car and ejected her. Whatever injury occurred to the plaintiff was occasioned at the time of her removal from the car.

The court instructed the jury that it was the duty of the plaintiff to either pay her fare or leave the car upon the request of the conductor, and that after her refusal so to do, if she sustained any injury in resisting ejection from the car she could not recover for such injury, unless the evidence showed the conductor used more force than was reasonably necessary to put her off the car.

As we understand appellant's brief, it is substantially admitted that the jury were correctly instructed as to the law, if the rule as announced by this court in the cases of *Chicago, Burlington and Quincy Railroad Co.* v. *Griffin*, 68 Ill. 499, *Pullman Palace Car Co.* v. *Reed*, 75 id. 125, and *Pennsylvania Railroad Co.* v. *Connell*, 112 id. 295, is to be adhered to and applied to street cars and passengers thereon. In the *Griffin case* the plaintiff purchased a ticket at Mendota from that station to Earl, but the ticket agent inadvertently gave him one to Meriden, an intermediate station. Upon his refusal to pay his fare from Mendota to Earl or peaceably leave the car he was ejected. It was there said (p. 504): "The law will not permit a passenger to interpose resistance to every trivial imposition to which he may really feel or imagine himself exposed by the employees that must be overcome by counter-force in order to preserve subordination. It is due to good order and the comfort of the other passengers that he should submit for the time being, and redress

his grievances, whatever they may be, by a civil action."
In the *Reed case* the plaintiff had purchased a ticket for
a particular berth in a sleeping car and had lost it after
entering the car. He refused to pay a second time and
was forcibly expelled after producing proof that he had
purchased a ticket for a berth. It was held that the
plaintiff was only entitled to recover the price paid for
the ticket and reasonable compensation for the trouble
and inconvenience he suffered by being deprived of a
berth in the sleeping car. In the *Connell case* the plain-
tiff, not having a proper ticket and refusing either to pay
his fare or peaceably leave the train upon the request of
the conductor, was ejected. The court say (p. 305): "We
entertain no doubt that appellee was entitled to recover
the amount of the cost of a ticket from the place he was
ejected from the cars, to New York. He was also enti-
tled to recover such damages as he sustained on account
of the delay occasioned by the expulsion, and all addi-
tional expense necessarily occasioned thereby, as well as
reasonable damages for the indignity in being expelled
from the train; but we perceive no ground upon which
he can recover for personal injuries received, unless the
expulsion was malicious or wanton. When the conductor
demanded that appellee should pay fare or leave the
train, he would have been justified in refusing to pay
fare and in leaving the train on the command of the con-
ductor, and had he done so he would have received no
personal injuries, and might then have brought his action
and recovered, as before stated; but when he refused to
leave the train, and thus compelled the conductor to re-
sort to force, he cannot recover for an injury which he
voluntarily brought upon himself. The conductor was
ordered by his superior not to receive a ticket like the
one presented. This order he was bound to obey, and
so far as appears he acted in good faith, and when ap-
pellee was notified by the conductor that his ticket was
not good and would not be received, it was his duty to

leave the train in a peaceable manner and hold the company responsible for the consequences, rather than resist or undertake to retain his place on the train by force. A train crowded with passengers,—often women and children,—is no place for a quarrel or a fight between a conductor and a passenger, and it would be unwise, and dangerous to the traveling public, to adopt any rule which might encourage a resort to violence on a train of cars. The conductor must have the supervision and control of his train, and a demand on his part for fare should be obeyed, or the passenger should in a peaceable manner leave the train and seek redress in the courts, where he will find a complete remedy for every indignity offered and for all damages sustained."

The doctrine announced in these cases is in our opinion sound, and while cases may be found holding to the contrary, so far as we have been able to determine it is supported by the weight of authority. *Pouilin* v. *Canadian Pacific Railway Co.* 52 Fed. Rep. 197; *New York, Lake Erie and Western Railway Co.* v. *Bennett,* 50 id. 496; *Bradshaw* v. *South Boston Railroad Co.* 135 Mass. 407; *Townsend* v. *New York Central and Hudson River Railroad Co.* 56 N. Y. 295; *Downs* v. *N. Y., & N. H. R. R. Co.* 36 Conn. 287; *McClure* v. *Railroad Co.* 34 Md. 532; *Petrie* v. *Pennsylvania Railroad Co.* 42 N. J. L. 449; *Shelton* v. *Railroad Co.* 29 Ohio St. 214; *McKay* v. *Railroad Co.* 34 W. Va. 65; *Hufford* v. *Grand Rapids and Indiana Railway Co.* 53 Mich. 118; *VanDusan* v. *Grand Trunk Railway Co.* 97 id. 439; *Yorton* v. *M. L. S. & W. Ry. Co.* 54 Wis. 234; *Woods* v. *Metropolitan Street Railway Co.* 48 Mo. App. 125; *Percy* v. *Metropolitan Street Railway Co.* 58 id. 75; *Atchison, Topeka and Santa Fe Railroad Co.* v. *Gants,* 38 Kan. 618; *Peabody* v. *Oregon Railway and Navigation Co.* 12 L. R. A. 823.

We have no question that the rule announced in the foregoing cases applies with equal force to street railways and to passengers thereon. In *Bradshaw* v. *South Boston Railway Co. supra,* the plaintiff was a passenger

upon one of the several street car lines owned by defendant. Desiring to be transferred from one line to another he asked for and received a transfer check, to which he was entitled by the rules of the company, but which, by mistake of the conductor, was for use upon a line other than the one over which he wished to go. He did not read it, but upon presenting it to the conductor of the line over which it should have read the conductor refused to receive it, and, as the plaintiff refused to pay fare, ejected him. The action was brought to recover damages for such ejection. In deciding the case the court say, on page 410: "It is a reasonable practice to require a passenger to pay his fare or to show a ticket, check or pass, and in view of the difficulties above alluded to, it would be unreasonable to hold that a passenger, without such evidence of his right to be carried, might forcibly retain his seat in a car upon his mere statement that he is entitled to a passage. If the company has agreed to furnish him with a proper ticket and has failed to do so, he is not at liberty to assert and maintain by force his rights under that contract, but he is bound to yield, for the time being, to the reasonable practice and requirements of the company, and enforce his rights in a more appropriate way."

When the conductor demanded that plaintiff pay her fare or leave the car she would have been justified in refusing to pay and in leaving the car on the command of the conductor and holding appellee responsible for the consequences, and had she done so, instead of resisting the conductor, she would not have received the injuries complained of.

We find no reversible error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*