## Peoria & Pekin Terminal Railway v. Albert Hoerr.

1.  PASSENGER—*right of conductor to eject.* When a conductor in good faith demands of a passenger that he pay his fare or leave the train, and the passenger refuses to do either, the conductor may eject him.

2.  INSTRUCTION—*must not submit to jury question of law.* An instruction which permits the jury to determine what are the *material* averments of the declaration, is erroneous as leaving to them the determination of legal questions.

3.  INSTRUCTION—*when must not authorize recovery for future suffering.* An instruction which authorizes the allowance of damages for future suffering, is erroneous, where there was no evidence of suffering likely to occur beyond the date of the trial.

4.  REMARKS OF COURT—*when cannot be urged as error.* Remarks of the trial court cannot be urged as error in the absence of objection thereto having been interposed.

Action of trespass for assault and battery. Appeal from the Circuit Court of Tazewell County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

JACK, IRWIN, JACK & DANFORTH and H. C. FRINGS, for appellant.

W. A. POTTS and JESSE BLACK, JR., for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On the 9th of February, 1903, appellant was running an electric line of cars between Peoria and Pekin in Tazewell county. The appellee lived at Armington in that county, and on the 9th of February, 1903, took passage on a car of appellant at Peoria. The fare from Peoria to South Bartonville is ten cents, from South Bartonville to Pekin is ten cents and from Peoria to Pekin is fifteen cents. Western avenue is a street near the limits of Peoria and between South Bartonville and Peoria. One conductor takes the car from its starting point in Peoria to Western avenue where he is succeeded by another who takes it to Pekin. A passenger going to Pekin or to any point between South

Bartonville and Pekin was given a blue ticket; one going only to South Bartonville received a yellow ticket. The first conductor furnishes the tickets and the second takes them up. That appellee had a ticket is not questioned; whether it was blue or yellow, to Pekin or South Bartonville, is one of the matters in controversy. At South Bartonville the conductor, asserting that appellee had given him a ticket only to that point, and appellee asserting that he had given him a ticket to Pekin and refusing to pay the extra ten cents fare from South Bartonville to Pekin, forcibly put appellee off the car.

The action is in trespass. Upon a trial by jury a verdict was rendered for appellee for the sum of $750, and the court after overruling a motion for a new trial entered judgment upon the verdict.

The main grounds urged for a reversal of the judgment, are that the verdict is against the manifest weight of the evidence and that the court erred in giving and modifying certain instructions.

The law applicable to cases of this character is stated in C., B. & Q. R. R. Co. v. Griffin, 68 Ill., 499; Pullman Palace Car Co. v. Reed, 75 Ill. 125; Pennsylvania R. R. Co. v. Connell, 112 Ill. 295, and Kiley v. Chicago City Ry. Co., 189 Ill. 384. When a conductor in good faith demands of a passenger that he pay fare or leave the train, and the passenger refuses to do either, the conductor may eject him, and if such ejection was wrongful the passenger may recover "such damages as he sustained on account of the delay occasioned by the expulsion and all additional expense necessarily occasioned thereby, as well as reasonable damages for the indignity in being expelled from the train." Whether such ejection be rightful or wrongful, if more force be used by the conductor than is necessary, and in consequence thereof the passenger is injured, he may recover damages for such injury. If, however, the injury to the passenger is the result of his own forcible resistance or his invitation to a conflict, he may not recover for an injury thereby occasioned.

In the Connell case it was said : "The conductor must have the supervision and control of his train, and a demand on his part for fare should be obeyed or the passenger should in a peaceable manner leave the train and seek redress in the courts, where he will find a complete remedy for every indignity offered and for all damages sustained."

In the case at bar there is evidence tending to show that appellee had purchased at Peoria, and handed to the conductor, a ticket good from Peoria to Pekin; that appellee was wrongfully ejected from the car; that the conductor used more force than was necessary in ejecting him and that appellee suffered personal injuries in consequence thereof. There is also evidence tending to show that appellee forcibly resisted the conductor and invited a conflict when threatened with expulsion.

If the record was free from error in other respects, we would not be justified in reversing the judgment upon the ground that the verdict of the jury upon the issues of fact involved was against the manifest weight of the evidence.

By the first instruction given on behalf of appellee the jury were left to determine the material averments of the declaration. The instruction is erroneous, as submitting to the jury a question of law. The fifth instruction given at the request of appellee told the jury, that in arriving at the amount of damages to be awarded appellee, they might consider the suffering he had sustained "or will sustain by reason of such injuries." The instruction is erroneous because it is not based upon any evidence in the case. There is no evidence that appellee was still suffering from his injury at the time of the trial, but on the contrary the evidence shows that he only suffered from the injury for the period of four or five months after it occurred. The seventh instruction given at the request of appellee merely defined exemplary damages, and when read in connection with the sixth given instruction, is not subject to the criticism urged. It might more properly, however, have been made a part of the sixth instruction.

The twenty-fourth instruction offered on behalf of appel-

lant and refused by the court as offered, is as follows: "If the jury believe from the evidence that, after being requested to pay additional fare from South Bartonville to Pekin or leave the car of defendant company, the plaintiff refused to do either, and thereupon invited a conflict, you are instructed that if the conductor thereupon did eject the plaintiff, using no more force than was necessary to eject him, the defendant Railway Company are not liable for any damages resulting from such ejection." The court modified the instruction by adding the words, " unless said plaintiff was ticketed from Western avenue to Pekin," and gave it as so modified. , The instruction was erroneous as offered and was also erroneous as modified and given. As offered it authorized the jury to find appellant not guilty even though appellee had a ticket from Peoria to Pekin and was, therefore, wrongfully ejected from the car. In such case appellee was certainly entitled to recover damages for the indignity put upon him by being compelled to leave the car, and was also entitled to recover the amount of his fare from South Bartonville to Pekin. As modified and given it was erroneous, because it was calculated to and probably did lead the jury, upon finding that appellee was ticketed from Peoria to Pekin, to award him full damages for all injuries sustained, even though such injuries were the result of a conflict with the conductor, invited by appellee.

Upon the trial, counsel for appellant objected to a question put to one of appellee's witnesses, and the court in passing upon and overruling the objection made some remarks which it is insisted were prejudicial to appellant. Two answers may be made to this insistence : first, no objection or exception was made or taken to the remarks; and second, there was no impropriety in the remarks.

For the error in instructions the judgment will be reversed and the cause remanded.

*Reversed and remanded.*