## John F. Devine, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 13,957.

1. PRACTICE—*effect of proceeding to trial without disposing of demurrer.* A party whose demurrer is on file and undisposed of, waives the same if he proceeds to trial without objection.

2. PASSENGER AND CARRIER—*liability of latter for assault.* When a passenger refuses to pay fare and to leave the train upon which he is riding and compels the conductor to resort to force, recovery cannot ordinarily be had for an injury which he voluntarily brings upon himself and which "is the result of his own forcible resistance;" but where, acting within the scope of his employment, a servant improperly exercises his authority and uses more force than the circumstances of the case require, the master is liable for the wrongful assault.

3. INSTRUCTIONS—*when jury not permitted to consider rejected count.* If a jury has been specifically instructed to disregard a particular count, they are not inferentially authorized to consider such rejected count by a phrase in another instruction given which tells them that the plaintiff may recover if he "has proved the other averments of his declaration."

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed June 16, 1908.

**Statement by the Court.** This is an action under the statute to recover damages for the death of Thomas Keating, for the benefit of his next of kin. The death is alleged to have resulted from injuries inflicted by an employe of appellant on one of its street cars in Chicago.

There is testimony tending to show that the deceased was found by a night watchman, about two o'clock in the morning of April 29, 1905, lying apparently unconscious on the sidewalk on Sixty-third street. He was injured, having a cut on the right side of his head some five inches in length. He was taken to a hospital by policemen and died there about two o'clock

in the afternoon of that day. It appears from the
evidence that the deceased had been drinking to some
extent the afternoon of April 28th, the day before his
death. About half after six o'clock in the evening of
that day, in company with one of the plaintiff's wit-
nesses, the deceased entered a saloon near Thirty-
ninth street and Cottage Grove avenue. They re-
mained there, according to the testimony of that wit-
ness, until after half after eleven o'clock that night,
when the two men went to Thirty-ninth street and .
State street or near there, and finally at a point near   .
Thirty-seventh street boarded a street car and stood
on the rear platform. The conductor of the car asked
for their fares. The witness was an employe of the
street car company and showed a badge. The de-
ceased told the conductor he had a badge also, but
showed none. The conductor told him he must pay
the fare or get off the car. This he apparently re-
fused to do and the witness says he saw the conductor
push the deceased off. The latter got back on the run-
ning board of the car and the witness states that the
conductor struck the deceased on the head "with some-
thing about a foot long;" that the deceased sank on
his knees, still holding on to the car, and that the con-
ductor hit him a second time, and that then the de-
ceased "fell in the street in a heap." The witness
states the conductor then pushed and kicked him—the
witness—off the car, and the witness found the de-
ceased "just getting up" and "bleeding from the right
side of his head." The two subsequently boarded
another car at the corner of Thirty-ninth and State
streets and rode as far as Sixty-second street, where
the witness went to the car barn to make an inquiry,
he says, and when he came back to the place where
he had left the deceased sitting on the sidewalk on
State street near Sixty-third street, the latter was
gone, and the next time the witness saw him was at
the undertaker's. A witness for the defendant testi-
fies that the conductor hit the man, "that he was hit

and he was drunk." The motorman of the car on which the deceased was when struck states that the conductor used a "billy" in striking the deceased, "made of leather and filled with sand" and "about six or eight inches long."

The issues were submitted to a jury and a verdict was returned finding appellant guilty and assessing the plaintiff's damages at $1,500. From the judgment entered accordingly this appeal is prosecuted.

WILLIAM J. HYNES, JOHN E. KEHOE and WATSON J. FERRY, for appellant.

O'DONNELL, DILLON & TOOLEN, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is claimed in behalf of appellant that the cause was tried while there was still pending and undetermined a demurrer to the declaration. This question, however, was not raised in the trial court until after the verdict. There was no joinder in demurrer. As said in Hopkins v. Woodward, 75 Ill. 62-64, while it may have been a technical error to proceed to trial with a demurrer undisposed of, no issue of law was raised as the pleadings stood. That case recognizes some apparent inconsistencies in the decided cases, some of which apparently hold that it was error to proceed to trial under such circumstances and "others that it was no error to proceed to trial where no issue of fact was made up." While it may have been the duty of plaintiff's attorneys to call up the demurrer and have it disposed of, it was, we think, a substantial waiver in effect on the part of defendant's counsel to fail to call the court's attention to the demurrer before proceeding to trial if they desired and intended to rely upon it. When counsel keep silence where it is a duty to speak, thereby keeping the court in ignorance, and so induce it to commit a technical error, we

are not disposed to encourage such practice by giving undue and unnecessary importance to an inadvertent technical error thus induced, not harmful in its effect. As said in Pinkerton v. Snydor, 87 Ill. App. 76-81, after a trial upon the merits in which counsel for defendant participated, he cannot now be heard to complain that there was no issue of fact to be tried. In that case it was held upon authority of cases there cited that the question not having been raised in the court below until after verdict the irregularity was cured by the verdict.

It is urged that the verdict is not justified by the evidence. No good purpose would be served by here reviewing the testimony at length. There is evidence as shown in the preceding statement tending to show that the conductor of the car struck the deceased a violent blow with what the witness calls a "billy," and that the deceased was knocked or at least then fell off the car and was found unconscious and soon after died. He and his companion may have been and apparently were under the influence of liquor. It is claimed that when thus "ejecting" the deceased from the car the conductor was threatened with danger and used no more force than was necessary. It was for the jury to determine the question of fact, whether the use of such violence by the conductor was justified by the conditions and whether if unnecessary violence was used it was the cause of the death which so soon followed. We are of opinion there is evidence which justifies the finding and that no sufficient reason appears why it should be disturbed. We cannot concur in the contention that the verdict is against the manifest weight of the evidence, nor do we regard the ruling objected to upon certain questions propounded, it is said, for the purpose of testing the memory of one of the witnesses, as of material importance, nor as erroneous.

It is undoubtedly true, as held in Kiley v. Chicago City Ry. Co., 189 Ill. 384, that when a passenger re-

fuses to pay fare and refuses to leave the train and compels the conductor to resort to force, recovery cannot ordinarily be had for an injury which he voluntarily brings upon himself and which ''is the result of his own forceable resistance,'' as said in Peoria & Pekin T. Ry. Co. v. Hoerr, 120 Ill. App. 65. But where acting in the scope of his employment a servant improperly exercises his authority and uses more force than the circumstances of the case require, the master is liable for the wrongful assault. Whether in this case the conductor exceeded the lawful limits of his authority was a question for the jury, and the evidence warrants, we think, their conclusion.

Objection is made to an instruction given at the instance of appellee's counsel, which concluded to the effect that if the jury further believed from the evidence the plaintiff ''has proved the other averments of his declaration,'' they should find defendant guilty. It is objected that whereas the court at defendant's instance instructed the jury the plaintiff could not recover under the first count of the declaration and the second count charged only that the acts of the conductor were wanton and wilful, this instruction authorized a verdict of guilty upon the averments of the rejected first count. We do not think, taking the instructions together, the objection is well taken. Having told the jury in express terms to disregard the first count, the effect of the language complained of was to require them to believe from the evidence that the plaintiff had proved the averments of the second count. That count charged wilful and wanton use of more force and violence than was reasonably necessary, which is what appellant's counsel say it was necessary for the jury to find from the evidence to entitle appellee to recover. Such is the reasonable construction of the language of the instruction complained of. While the phrase of the instruction in question did not, we think, improve the instruction, it is not, we think, injuriously erroneous. We find no error in the court's

refusal to give the instruction requested by appellant's counsel relating to self-defense, in view of the evidence.

The judgment of the Superior Court must be affirmed.

*Affirmed.*